IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LAUREN HUGHES *individually and on behalf of all others similarly situated*,
    Plaintiff(s),

v.

INMOTION ENTERTAINMENT, DOES 1 THROUGH 10, INCLUSIVE
    Defendant(s).

07cv1299
**ELECTRONICALLY FILED**

## ORDER DENYING MOTION TO DISMISS

Before the Court is the motion by Defendant InMotion Entertainment to dismiss plaintiff Lauren Hughes' class action complaint filed pursuant to the Fair and Accurate Credit Transaction Act of 2003 ("FACTA"). After careful consideration of the motion and brief in support, and of plaintiff's response and brief in opposition to the motion to dismiss, the Court will deny the motion.

In deciding a motion to dismiss pursuant to Fed.R.Civ.P. Rule 12(b)(6), the Court accepts the well-pleaded factual allegations of the complaint as true, and draws all reasonable inferences therefrom in favor of the plaintiff. *Armstrong Surgical Center, Inc. v. Armstrong County Memorial Hospital*, 185 F.3d 154, 155 (3d Cir. 1999). A claim should not be dismissed for failure to state a claim unless it appears beyond a doubt that the non-moving party can prove no set of facts in support of its allegations which would entitle it to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Marshall-Silver Construction Co. v. Mendel*, 894 F.2d 593, 595 (3d Cir. 1990).

In making this determination, the court must construe the pleading in the light most favorable to the non-moving party. *Budinsky v. Pennsylvania Dept. of Environmental Resources*,

819 F.2d 418, 421 (3d Cir. 1987). As the United States Court of Appeals for the Third Circuit explained:

> A Rule 12(b)(6) motion will be granted "'if it appears to a certainty that no relief could be granted under any set of facts which could be proved.'" *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005) (quoting *D.P. Enter. Inc. v. Bucks County Cmty. Coll.*, 725 F.2d 943, 944 (3d Cir. 1984)). We must accept all factual allegations in [plaintiff's] complaint as true, but we are not compelled to accept "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

*Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007).

Further, the Federal Rules of Civil Procedure require notice pleading, not fact pleading, so to withstand a Rule 12(b)(6) motion, the plaintiff "need only make out a claim upon which relief can be granted. If more facts are necessary to resolve or clarify the disputed issues, the parties may avail themselves of the civil discovery mechanisms under the Federal Rules." *Alston v. Parker*, 363 F.3d 229, 233 n.6 (3d Cir. 2004), *quoting Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002) ("This simplified notice pleading standard relies on liberal discovery rules . . . to define facts and issues and to dispose of unmeritorious claims.").

Viewed in light of the forgoing liberal pleading standards, this Court simply cannot say, at this early stage of the proceedings, that plaintiff will be able to state no set of facts in support of her standing to pursue her claims, including her claim of willful violation of FACTA. Accordingly,

**AND NOW,** this 27ʰ day of November, 2007**, IT IS HEREBY ORDERED** that defendants' motion to dismiss (doc. no. 12) **IS DENIED** without prejudice to defendant raising the issues set forth therein in a motion for summary judgment at the appropriate time following discovery.

                                              s/Arthur J. Schwab
                                              Arthur J. Schwab
                                              United States District Judge

cc:   All counsel of record